IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KENNETH CALVIN PAGE                                                               PLAINTIFF

v.                                  Civil No. 1:22-cv-01009

RYAN PHILLIPS, Deputy Prosecuting Attorney;
JESSICA YARBROUGH, Public Defender; LEROY
MARTIN, Investigator; and DAVID TALLEY, JR., Judge                          DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff Kenneth Calvin Page filed this case *pro se* pursuant to 42 U.S.C. § 1983 on February 9, 2022. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* was granted that same day. (ECF No. 3). The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

I.  BACKGROUND

Plaintiff is currently incarcerated in the Columbia County Jail ("CJC") awaiting transport to the Arkansas Division of Correction. He states he is serving a sentence as a of result of judgment or conviction on December 16, 2021. (ECF No. 1, p. 2). Plaintiff names the following individuals as Defendants: Ryan Phillips – a Prosecuting Attorney, Jessica Yarbrough – Plaintiff's Public Defender, Leroy Martin - an investigator, and David Talley Jr. – the Judge who presided over Plaintiff's state criminal proceedings. *Id.* at pp. 2-3.

Plaintiff describes his claim against Defendants as "Federal Statutory Rights have been violated (Abuse of Authorotive Power) (False Imprisonment)". He indicates the date of occurrence of the incident giving rise to his claim as "(4-1-21) (12-16-21)". (ECF No. 1, p. 4). He specifically states:

1

> (no personal injury) (Major Financial loss) (Loss of Everything) (Currently Filing Bankruptcy
> Det. – Filed False Charges
> Pross. Atty – Pushed them – Only to dismiss later
> Judge – wouldn't hear anything of my side
> Public defender – didn't represent me (at all)
> Det. – charged me for a crime of my own property that's in my name free & clear tile & all paper-work presented on-site
> State picked up the charge long enough to revoke my parole & S.I.S. only to drop them after!...

*Id.* at pp. 4-5. He describes his official capacity claim as, "Abuse of Power. Authorotive Figures here are tearing peoples live's apart for the fact they can. Only to drop the issue 3 to 9 months later after all their damage has been done." (ECF No. 1, p. 5).  Plaintiff is seeking compensatory and punitive damages. *Id.* at pp. 5, 9.

Although Plaintiff checked the box in the Second Amended Complaint indicating he is suing Defendants in their official capacity only, for purposes of screening, the Court will assume Plaintiff intended to sue Defendants in both their personal and official capacities.

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537,

2

541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

#### A. Defendant Phillips

Defendant Phillips is the state prosecutor who was involved in pursuing the criminal charges against Plaintiff. Plaintiff's personal capacity claims against this Defendant must be dismissed because as a prosecutor he is immune from suit. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431, (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

Plaintiff failed to allege Defendant Phillips engaged in any conduct other than actions taken in connection with his duties as a prosecuting attorney during the judicial phase of Plaintiff's criminal case. Accordingly, Defendant Phillips is entitled to absolute immunity and the personal capacity claims against him should be dismissed with prejudice.

#### B. Defendant Yarbrough

Defendant Yarbrough, a public defender who represented Plaintiff during his criminal proceedings, is not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999). Defendant Yarbrough was not acting under color of

state law while representing Plaintiff in his criminal proceedings. *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Accordingly, Plaintiff has failed to state cognizable personal capacity claims under § 1983 against Defendant Yarbrough.

  C. <u>Defendant Martin</u>

Plaintiff alleges Defendant Martin, a criminal investigator, violated his rights when he "filed false charges" and "charged me for a crime of my own property that's in my name free & clear title & all paper-work presented on-site state picked up the charge long enough to revoke my parole & S.I.S. only to drop them after!" (ECF No. 1, pp. 4-5). At this stage, the Court finds Plaintiff has stated a personal capacity claim against Defendant Martin for wrongful arrest.

  D. <u>Defendant Talley</u>

Defendant Talley was the state judge who presided over Plaintiff's state criminal revocation proceedings. Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability.").

Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he

has acted in the clear absence of all jurisdiction") (internal citations omitted). Here, Plaintiff has failed to allege any action by Defendant Talley that was non-judicial or taken without jurisdiction.

### E. Official Capacity Claims

Plaintiff is suing Defendants in their official capacity. Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Here, Plaintiff's official capacity claims against Defendants Phillips and Talley – a prosecuting attorney and a state judge - are claims against the State of Arkansas. Plaintiff's official capacity claims against Defendant Martin are claims against his employer – presumably Columbia County.

To establish official capacity liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity [or employer]". *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). To establish the existence of an unconstitutional policy, Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

Plaintiff has failed to describe any policy or custom of any of the Defendants' employers that contributed to the alleged violation of Plaintiff's constitutional rights. In addition, all official capacity claims against Defendants Phillips and Talley are also subject to dismissal because their employer – the State of Arkansas – is immune from suit. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or

equity, commenced or prosecuted against any one of the United States." U.S. Const. amend XI. "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Frew ex re. Frew v. Hawkins,* 540 U.S. 431, 437 (2004). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself." *Will v. Michigan Dep't. of State Police,* 491 U.S. 58, 71 (1989)(citation omitted). "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'" *Burk v. Beene,* 948 F.2d 489, 492 (8th Cir. 1991)(quoting *Edelman v. Jordan,* 415 U.S. 651, 663 (1974)).

This bar exists whether the relief sought is legal or equitable. *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Furthermore, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will,* 491 U.S. at 71. Exceptions to the reach of the Eleventh Amendment exist only when the state has unequivocally waived its immunity or Congress has abrogated the immunity. *Hutto v. Finney,* 437 U.S. 678, 693 (1978). The State of Arkansas has not waived its sovereign immunity. *See e.g., Hadley v. North Ark. Cmty. Tech. Coll.,* 76 F.3d 1437, 1438 (8th Cir. 1996). Nor did Congress abrogate sovereign immunity when enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The official capacity claims against Defendants Phillips and Talley are therefore barred by the Eleventh Amendment.

## IV. CONCLUSION

For the foregoing reasons, I recommend the following:

1) Plaintiff's claims, both personal and official, be **DISMISSED WITH PREJUDICE** against Defendants Phillips, Yarbrough, and Talley;

2) Plaintiff's official capacity claim, against Defendant Martin be **DISMISSED WITHOUT PREJUDICE**; and

3) Plaintiff's personal capacity claim against Defendant Martin for wrongful arrest proceed. Service of Defendant Martin will be addressed by a separate order.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**IT IS SO ORDERED** this 15th day of February 2022.

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE